IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01331-LTB-MEH

KATHERINE HANSON, and
AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

      Plaintiffs,

v.

U.S. BANK NATIONAL ASSOCIATION, a Minnesota corporation,

      Defendant.

_____

### ORDER ON DEFENDANT'S MOTION FOR PROTECTIVE ORDER
_____

Defendant has filed a Motion for Protective Order [Docket #23] seeking to limit the scope of Plaintiff's Rule 30(b)(6) deposition. The matter is briefed and has been referred to this Court [Docket #24]. Oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, the Court **grants** in part and **denies** in part the Motion for Protective Order.

**I.**   **Facts**

Plaintiff Katherine Hanson slipped and fell on a metal drain cover on the sidewalk outside Defendant's building. Plaintiff asserts her claims against Defendant under the Colorado Premises Liability Act. Plaintiff issued its Notice of Deposition pursuant to Rule 30(b)(6), and Defendant filed the instant Motion to limit the scope of Plaintiff's deposition. Specifically, Plaintiff seeks to examine Defendant's representative(s) on all issues related to the maintenance and inspection of the property, while Defendant seeks to limit the scope of this deposition to the area of the building where Plaintiff fell.

**II.     Discussion**

"No 'special protection is conferred on a deponent by virtue of the fact that the deposition was noticed under 30(b)(6).'" *King v. Pratt & Whitney*, 161 F.R.D. 475, 476 (S.D. Fla. 1995). The scope of evidence that is subject to discovery under the federal rules is broad:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need no be admissible at the trial of the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P 26(b)(1). Just as with any witness, the Court may limit the scope of the deposition to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)

The topics in Plaintiff's Notice are as follows, along with the Court's rulings:

1.      <u>Answer questions concerning the property located at 14111 East Alameda Avenue, Aurora, Colorado. Such inquiry includes but is not limited to matters concerning:</u>

<u>(a) Property inspection and maintenance:</u>

<u>(b) Reports of dangerous conditions on the property:</u>

<u>(c) Reports and knowledge of prior accidents and injuries on the property:</u>

<u>(d) Video and other surveillance on the property:</u>

Plaintiff originally sought these documents for the period covering the past ten years, but concedes in its Response that five years is appropriate. Defendant seeks to limit this production to only the area surrounding the metal grate upon which Plaintiff fell. Here, the Court finds that a permissible scope of this inquiry is the outside of the building, not simply one sidewalk, and will limit

the above topics in this manner. Plaintiff is entitled to discovery relating to maintenance and upkeep for the outside of the building, but the Court does not believe that maintenance inside the building is relevant to this case.

(e) <u>The hiring, retention and dismissal of property managers and contractors performing inspections, maintenance, and work on the property:</u>

Because this topic concerns matters of privacy (*i.e.*, employment files), Plaintiff's interest must first outweigh the privacy interests at stake. The Court believes this can only be accomplished for the current contractors and property managers and must relate only to matters that address work performance. Further, the information must be within the corporate knowledge, not within the knowledge of a contractor, to be a proper topic for a 30(b)(6) deposition. *See generally Resolution Trust Corp. v. S. Union Corp.*, 985 F.2d 196, 197 (5th Cir. 1993) (explaining that the corporation appears vicariously through the 30(b)(6) designee).

(f) <u>U.S. Bank's policies and procedures relative to the inspection, management and operation of the property:</u>

To the extent that these exist, the Court finds that they are discoverable, as relating to the outside of the building.

(g) <u>U.S. Bank's policies and procedures relative to assuring that U.S. Bank and/or its agents perform their duties regarding inspections, maintenance and work on the property:</u>

To the extent that these exist, the Court finds that they are discoverable, as relating to the outside of the building.

(h) <u>U.S. Bank's process for selecting agents and contractors relative to the inspection, maintenance and work on the property:</u>

To the extent that such a process exists, the Court finds that it is discoverable, as relating to the outside of the building.

(i) U.S. Bank's process for selecting agents and contractors relative to the inspection, maintenance and work on the property:

To the extent that such a process exists, the Court finds that it is discoverable, as relating to the outside of the building.

(j) Identity of U.S. Bank's employees, agents and contractors assigned to work at the property:

(k) Snow and ice removal information, including matters related to employees and contractors:

Defendant states that it has already provided the information in Topics "j" and "k," while Plaintiff argues that this information is relevant. While this information may indeed be relevant, it does not appear to be a proper question for a Rule 30(b)(6) deposition, instead of simply an interrogatory, and it appears Defendant has previously answered these topics in that form. If that information is not sufficient, Plaintiff may seek supplemental information through less burdensome means than requiring a representative to become knowledgeable on these topics and answer questions regarding the same, as Rule 30(b)(6) requires.

2. The existence of the documents requested below pursuant to Fed. R. Civ. P. Rule 34:

This topic is properly limited to the same scope as the topics listed above.

Topics 3 – 9 address the document creation, filing, and retention policy of Defendant. Plaintiff alleges general relevance but does not connect these questions to any of the issues in this case. Absent allegations of document destruction, these topics are unduly burdensome for the facts alleged in Plaintiff's Amended Complaint. The Court, therefore, finds these topics to be irrelevant at this juncture in the case.

<u>Schedule of Documents</u>

Rather than list each topic, the Court will address this schedule in general, as the parties have done. First, the documents that support the permissible scope of Topics 1.a. – 1.i. are properly related to the testimony sought and are relevant. Documents related to trial preparation, experts in other cases, and other broader document requests are not relevant to the testimony sought in Plaintiff's Topics listed in the Notice of Rule 30(b)(6) deposition. These documents may very well be relevant to this case, but they are outside the scope of the 30(b)(6) testimony that is sought. Thus, the Court will limit the scope of the Schedule of Documents, as stated above, and will allow Plaintiff to pursue more appropriate means, such as Requests for Production, to obtain the other relevant documents. To the extent that Plaintiff seeks documents and testimony beyond the scope that the Court has set forth herein, the Court finds that a Rule 30(b)(6) deposition presents an overly burdensome method for acquiring this information. *E.g.*, *EEOC v. Caesars Entertainment, Inc.*, 237 F.R.D. 428, 433 (D. Nev. 2006) (citations omitted) (finding that the Court should consider "whether a Rule 30(b)(6) deposition is an overly burdensome method of acquiring this information or whether less burdensome methods exist").

### III. Conclusion

Accordingly, for the reasons stated above, it is hereby ORDERED that Defendant U.S. Bank National Association's Motion for Protective Order [<u>Filed November 29, 2006; Docket #23</u>] is **granted** in part and **denied** in part as set forth herein.

Dated at Denver, Colorado, this 18th day of December, 2006.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge